UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William Beckham,<br>Plaintiff,<br><br>v.<br><br>Steven Mnuchin, in his official capacity<br>as Secretary of Treasury of the United States<br>of America,<br><br>    Serve: Steven T, Mnuchin<br>    Secretary of Treasury<br>    U.S. Department of Treasury<br>    1500 Pennsylvania Ave., N.W,<br>    Washington, DC 20220<br><br>    Channing D. Phillips<br>    Office of the United States Attorney<br>    Attention: Civil Process Clerk<br>    555 4th Street, NW<br>    Washington, DC 20530<br><br>    Jefferson B. Sessions, III<br>    United States Attorney General<br>    c/o Department of Justice<br>    950 Pennsylvania Avenue, N.W.<br>    Room B-103<br>    Washington, D.C. 20530-0001<br><br>Defendant. | **COMPLAINT**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>A JURY IS DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

If William Beckham had been judged on the quality of his work and his actual job skills, he would still be serving as a Supervisory Special Agent for the IRS. But the IRS judged him only on his hearing disability, ignoring that he passed its hearing standards, which allowed for testing with the reasonable accommodation of hearing aids. The IRS removed him from his job

1

despite the obvious fact that his hearing is better than the IRS requires, and better than workers who do not avail themselves of hearing aids.  Hence, this suit.

## JURISDICTION AND VENUE

1. This case is brought pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, *et seq.* ("Rehabilitation Act").  This Court has jurisdiction of this case according to 28 U.S.C. §§ 1331 and 1343.

2. Venue is invoked pursuant to 42 U.S.C. 2000e, which governs venue in cases under the Rehabilitation Act.  The unlawful employment practices challenged in this lawsuit were committed in Washington, D.C.

## PARTIES

3. The plaintiff, William Beckham, is an adult resident of Burleson, Tarrant County, Texas.

4. The defendant, Steven Mnuchin, is the Secretary of the Treasury of the United States of America and is sued in his capacity as head of a department in the executive branch of the Federal Government within the meaning of 29 U.S.C. §§ 791 and 794.  A copy of this complaint is served on both the Attorney General and the U.S. Attorney for the District of Columbia.

## STATEMENT OF FACTS

5. William Beckham has had a distinguished career at the IRS.  The IRS hired him in 1986 as a Revenue Officer, selected him in 2000 to serve as a Special Agent, and promoted him again in early 2016 to serve as a Supervisory Special Agent, where he supervised a squad of nine Special Agents and one staff support person.

6. As a Supervisory Special Agent, Mr. Beckham's primary duties on a daily basis were

to plan, direct and coordinate the work of Special Agents engaged in the conduct of investigations of alleged criminal tax fraud and other matters over which the IRS-Criminal Investigation Division has investigative responsibility. He used 15 ½ years of knowledge and experience in his previous position as an IRS Special Agent to execute that task.  He also coordinated with IRS management regarding the implementation of IRS senior management's investigative priorities and mission, met with prosecutors at the United States Attorney's office, Department of Justice Tax Division, employees with other IRS Civil Departments, other counterparts at other federal, state and local law enforcement and the general public.  He reviewed and approved enforcement activities of the Special Agents within his group including arrest, search warrants and undercover operations in advance of the operation.  He was able to perform all of these actions as a Supervisory Special Agent with or without the minor accommodation of the use of a hearing aid.

    7. The IRS's own evaluations of Mr. Beckham show what a fine employee he has proven himself to be.  In 2016, for example, the IRS evaluation praised Mr. Beckham as, among other things, hardworking, dedicated to the IRS's mission, and committed to inspiring others by rolling up his sleeves and getting " in the trenches with the agents and employees."  The IRS also acknowledged that his leadership caused his group to make big gains in productivity.

    8. This lawsuit arises not due to any deficiency in Mr. Beckham's performance, but instead because of a deficiency at the IRS, specifically its discriminatory employment practices.  Even though Mr. Beckham has performed his job with distinction, he lost that job because he has a disability – hearing loss suffered over the years, including from exposure to extremely loud noises on the job.  The IRS requires Mr. Beckham to renew his handgun qualification four times

a year, yet for years provided inadequate hearing protection during those sessions. This caused hearing loss.

9. This hearing loss was revealed in November 2013, as a result of the annual medical testing the IRS requires. Although the IRS has not been consistent in requiring audiograms as a required part of its annual medical exam, it did so beginning in 2013. And in November 2013, the IRS advised Mr. Beckham that he had not passed the agency's hearing test, which was administered without hearing aids.

10. The IRS, when it informed Mr. Beckham of the results, referred him to its aided hearing test protocol. He complied, after he was fitted with state of the art hearing aids that he purchased at great expense.

11. Mr. Beckham passed the IRS's own aided hearing testing with flying colors. Mr. Beckham's aided audiogram result showed that his hearing loss at 2000HZ was 20 decibels on the right ear (30 decibel loss accepted) and 15 decibels on the left ear (30 decibel loss accepted). He scored 100% on the speech tests in both ears. The audiologist rated his localization ability as "normal." These results demonstrate that he has better hearing sensitivity than those workers who suffer 30 decibels of hearing loss in the speech frequencies, but who do not utilize hearing aids.

12. The IRS, however, refused to accept that Mr. Beckham had passed its own aided standard. Even after he had done so, the Agency proclaimed that Mr. Beckham could not hear sufficiently to perform law enforcement duties. Ironically, it contradicted that by promoting him to the position of Supervisory Special Agent after this determination.

13. After the IRS's adverse finding, it gave Mr. Beckham three choices: leave the IRS,

accept a demotion or third, institute the reasonable accommodation process.  Mr. Beckham chose the third option.  He asked to be able to work with the hearing aids that had allowed him to pass the IRS's hearing tests.   That accommodation request was denied without any discussion with Mr. Beckham or his doctor.

14. After his reasonable accommodation request was denied, Mr. Beckham was compelled to accept a demotion to the position of Investigative Specialist with its accompanying twenty-five percent pay decrease.   He could not afford to stop working and the IRS offered him no chance to keep the job they recognized he was doing very well.

15.  The IRS's treatment of Mr. Beckham is disturbing for several reasons.  First, hearing aids allow Mr. Beckham to hear considerably better than IRS policy requires.  So rather than having a hearing deficit, his hearing exceeds their requirements.  Second, the IRS has developed an aided hearing policy under which special agents can demonstrate their hearing abilities with hearing aids in place, but inexplicably ignored this in demoting him.  Mr. Beckham met the IRS's own standards.  Not only is the use of his state of the art hearing aids a reasonable accommodation, but the IRS has recognized it as such.  But the IRS has still demoted this fine employee.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.  Beckham presented timely EEO complaints to challenge disability discrimination and failure to accommodate he experienced.

17.  Neither Beckham nor his counsel has ever received a final decision on his complaint, and more than 180 days have passed since the complaints were filed.

## COUNT I

(Rehabilitation Act)

Disability Discrimination

18. The plaintiff is a qualified individual that the IRS demoted because he has a hearing disability. He is qualified to perform the essential functions of the supervisory special agent job he held before his demotion. He was also regarded as having a disability, and was demoted the job because of a record of a disability. Defendant failed to accommodate his disability, even though it would have been quite easy to do so. The IRS need only comply with its own aided hearing policy.

The actions of the defendant as set forth above constitute a violation of the Rehabilitation Act, 29 U.S.C. §§ 791, *et seq*.

## RELIEF REQUESTED

William Beckham, the plaintiff, respectfully requests that the Court:

A. Order the IRS to make the plaintiff whole including, but not limited to, reinstating him to the position of supervisory special agent, paying him appropriate back pay and benefits with prejudgment interest in amounts to be proven, compensatory damages, front pay if he is not reinstated, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

B. Order the IRS to pay the plaintiff his costs, expert witness fees and reasonable attorney's fees incurred in pursuing the matter herein;

C. Order the IRS to cease discriminating against employees who explicitly meet its own hearing standard; and

D.      Award plaintiff such other relief, legal or equitable, as may be warranted.

Plaintiff demands a trial by jury on all of his claims.

                                Respectfully submitted,

FOR THE PLAINTIFF:              /s/ David R. Cashdan
                                David R. Cashdan
                                D.C. Bar No. 051342
                                Cashdan & Kane, PLLC
                                1150 Connecticut Ave. NW, Ste 900
                                Washington, D.C. 20036-4129
                                (202) 862-4330
                                Fax: (202) 862-4331
                                dcashdan@cashdankane.com

                                Rod Tanner
                                Tanner and Associates, P.C.
                                Texas Bar No. 19637500
                                6300 Ridgelea Place, Suite 407
                                Fort Worth, Texas 76116
                                817-377-8833
                                Fax 817-377-1136
                                rtanner@rodtannerlaw.com

                                Katherine L. Butler
                                TX 0101
                                Texas Bar No. 03526300
                                1007 Heights Boulevard
                                Houston, Texas 77008
                                (713) 526-5677
                                Fax (888) 370-5038
                                kathy@butlerharris.com

                                John W. Griffin, Jr.
                                TX 0103
                                Texas Bar No. 08460300
                                203 North Liberty Street
                                Victoria, Texas 77901
                                (361) 573-5500
                                Fax (361) 573-5040
                                jwg@lawmgk.com